UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>EVAN J. COSSETTE. | Criminal No. 3:12cr232 (JBA)<br><br>November 22, 2013 |

**RULING ON DEFENDANT'S MOTION
TO STAY SENTENCE PENDING APPEAL**

On June 3, 2013, a jury convicted Defendant Even J. Cossette of Deprivation of Rights, in violation of 18 U.S.C. § 242, and Obstruction of Justice, in violation of 18 U.S.C. § 1519. On September 18, 2013, the Court denied [Doc. # 78] Defendant's post-trial motion for acquittal (the "Rule 29 Ruling"), and on September 23, 2013, sentenced him principally to fourteen months' imprisonment. Defendant now moves [Doc. # 87] to stay commencement of his sentence of incarceration, for which Defendant is scheduled to voluntarily surrender on December 3, 2013, pending appeal. For the reasons that follow, Defendant's motion is DENIED, but Defendant's voluntary surrender date is extended until January 28, 2014.

**I.     Discussion**

Under the Bail Reform Act, 18 U.S.C. § 3143, there is a presumption that a defendant appealing a conviction and sentence of imprisonment will be detained pending appeal. A defendant can overcome this presumption upon demonstrating that:

>  (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). Although § 3143(b)(2) states that the substantial factual or legal question on appeal must be "likely to result in reversal or an order for a new trial," the Second Circuit has not read this requirement literally. *Id.* at 124. In order to grant bail, a district court need not find that it is likely to be reversed. Rather, a "more appropriate interpretation of subsection (b)(2) thus requires a district court to determine first whether any question raised on appeal is a 'substantial' one." *Id.* A "substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *Id.* (internal quotation marks omitted).

The Government does not dispute that Defendant has satisfied the first, second, and fourth prongs of the requirements for bail pending appeal. The dispute concerns whether there exists "substantial question" of law to be decided by the Second Circuit regarding the fair notice requirement of § 242.[1] (*See* Rule 29 Ruling at 2–6.) As Defendant argued in his pre-trial motion to dismiss the indictment and post-trial motion for acquittal, he contends there is a substantial question of law as to whether "a single push to an intoxicated arrestee may amount to excessive force" and argues that his actions were "not sufficiently novel or egregious to put an officer on notice that such

---

[1] Defendant notes that he is also appealing certain evidentiary rulings including the Court's admission of the surveillance video footage, but he does not set forth any argument that the appeal of the Court's rulings on these issues presents a substantial question of law. (Def.'s Mem. Supp. [Doc. # 87] at 4 n.1.) Additionally, Defendant does not address his Obstruction of Justice conviction.

2

action would lead to prosecution under section 242." (Def.'s Mem. Supp. [Doc. # 87] at 5–6.) As it has previously, the Government argues (1) police officers are on clear notice that the use of excessive force is constitutionally prohibited, (2) whether force is excessive depends on whether the officer's actions were objectively reasonable in light of the surrounding circumstances, and (3) no reasonable officer could have believed that the use of force alleged in the Indictment and proven at trial was reasonable. The Government argues that although Defendant challenges the constitutional adequacy of fair notice, the substance of his argument is one of factual sufficiency, i.e. "not that a police officer is entitled to shove forcefully a handcuffed prisoner backward into a cement cell; rather . . . that he did so in self-defense." (Gov.'t's Mem. Opp'n [Doc. # 88] at 9.)

The Court has already addressed the substance of Defendant's arguments multiple times, most recently in its Rule 29 Ruling, and Defendant's arguments do not present "a close question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125 (internal quotation marks omitted). As the Court has explained, "[i]t is 'well established that the use of excessive force in the course of an arrest is constitutionally prohibited.' The exact circumstances under which such physical force is employed need not have been litigated to provide notice that this conduct may be unconstitutional." (Rule 29 Ruling at 5 (quoting *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002).) There is no requirement that "the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Here, the Indictment alleged that "COSSETTE escorted a compliant and handcuffed P.T. from the squad car to the holding cell. Once inside the holding cell,

COSSETTE firmly shoved the compliant and handcuffed P.T., causing P.T. to fall backwards and strike his head on a cement cell bench. P.T. suffered a deep cut and trauma to his head that required medical attention." (Indict. [Doc. # 1] ¶¶ 4–5.)

Reasonable police officers would understand that this use of force alleged in the Indictment was excessive, and at trial, Defendant acknowledged that he was trained on the proper use of force.[2] (Tr. of Testimony of Evan Cossette ("Cossette Tr.") [Doc. # 54] at 9.) Accordingly, the Court's conclusion that "whether Defendant's 'single shove' was excessive was for the jury to decide in the full context of how that force was used" (Rule 29 Ruling at 8), did not present a substantial question of law that could have been decided the other way.

To the extent that Defendant contests the facts alleged in the Indictment and alleges no constitutional violation occurred because his use of force was justified by self defense, this argument goes to the sufficiency of the evidence to support the jury verdict, not the constitutional adequacy of the Indictment. Defendant faces a "heavy" burden here, *see United States v. Reifler*, 446 F.3d 65, 94 (2d Cir. 2006), and as the Court has already explained, there was ample evidence to support the verdict, including, notably, video footage. (*See* Rule 29 Ruling at 9–11.)

Furthermore, Defendant has not advanced any argument that his conviction on Count Two for Obstruction of Justice presents a substantial question of law for the Second Circuit. As the Court explained in its Rule 29 Ruling, Defendant's legal argument

---

[2] Other testimony established that Meriden police officers are "made aware of the possibility of, specifically, federal criminal liability, among other liability, for civil rights violations." (Tr. of Testimony of John Mennone ("Mennone Tr.") [Doc. # 53] at 105.)

4

in favor of acquittal on this count is foreclosed by clear Second Circuit precedent and there was sufficient evidence for the jury to conclude that the police report completed by Defendant was intentionally untruthful regarding the incident.[3] (Rule 29 Ruling at 11–13.)

As the Court explained at sentencing, Defendant's attempt to cover up the incident was in many respects more serious than the use of excessive force itself:

> if your actions had been recognized as an imperfect exercise of judgment, if you had immediately recognized that you had done something terribly wrong, no matter what your intentions may have been, you'd recognized that you had hurt a man such that he became unconscious and was bleeding, and . . . had immediately recognized and admitted and acknowledged that things had gone very wrong, I think . . . we wouldn't be here.

(Tr. of Sentencing Hearing [Doc. # 95] at 17.) Such conduct merited a significant sentence in its own right, and even if Count One presented a substantial question of law with the potential to result in reversal, Defendant would still face incarceration on Count Two, precluding a stay of his sentence.

---

[3] Because knowledge that a federal investigation is pending or imminent is not an element of § 1519, a jury could have concluded that Defendant's police report contained intentional misstatements regarding his conduct even if such conduct was not a § 242 violation. (*See* Rule 29 Ruling at 11–12.) Furthermore, by its own terms § 1519 criminalizes obstruction of a federal investigation or the "proper administration of any matter within the jurisdiction" of a federal agency irrespective of whether the matter investigated can result in a criminal conviction. *See United States v. Gray*, 642 F.3d 371, 379 (2d Cir. 2011) ("[Section] 1519 does not require the existence or likelihood of a federal investigation."); *see also United States v. Moyer*, 674 F.3d 192, 206 (3d Cir. 2012) ("Indeed, § 1519 covers efforts to obstruct investigations that do not result in the filing of charges.").

## II. Conclusion

For the reasons set forth above, Defendant's application [Doc. # 87] for stay pending appeal is DENIED. Inasmuch as Mr. Cossette is named as the defendant in a civil case, *Methvin v. Cossette*, No. 3:11-cv-959 (JBA), unrelated to this matter, which is scheduled to commence trial on January 13, 2014 before this Court, Defendant's voluntary surrender date is moved to January 28, 2014, at noon, to enable Mr. Cossette to be present and defend himself at this forthcoming civil trial.

IT IS SO ORDERED.

\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of November, 2013.